IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMIE BATISTE,                                  No. C 13-1098 TEH (PR)

        Petitioner,                 ORDER TO SHOW CAUSE

   v.

A. HEDGPETH, Warden,

        Respondent.
_____/

     Petitioner Jamie Batiste, an inmate at California State Prison, Solano, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment of conviction from Contra Costa County Superior Court.  Petitioner also seeks leave to proceed in forma pauperis.  Doc. #5.

I

     According to the Petition, in December 2009, Petitioner was convicted of first degree murder and subsequently sentenced to fifty-years-to-life in state prison.  Doc. #1 at 2.  Petitioner sought post-conviction relief in the state superior and appellate courts until the California Supreme Court denied his final petition.  Doc. #1 at 3-4.  The instant federal petition for a writ of habeas corpus followed.

II

     This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation

of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

Petitioner asserts the following claims, see Ex. B: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel: (3) failure of trial court to instruct jury on accomplice testimony; (4) failure of trial court to suppress Petitioner's confession; (5) failure of trial court to make a finding of Petitioner's dangerousness before requiring him to attend the trial in restraints; (6) failure of trial court to exclude prejudicial other acts evidence and prejudicial hearsay evidence that violated Petitioner's confrontation rights; (7) defective jury instruction on the prosecutor's burden of proof; (8) prosecutorial misconduct; (9) insufficient evidence to support the conviction; and (10) cumulative prejudice from the above-stated constitutional errors. Petitioner also requests an evidentiary hearing pursuant to 28 U.S.C. § 2254 (e).

Liberally construed, Petitioner's claims appear cognizable under 28 U.S.C. § 2254 and merit an Answer from Respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

III

For the foregoing reasons and for good cause shown,

2

1.  Petitioner's request to proceed <u>in forma pauperis</u> (Doc. #5) is GRANTED.

2.  The Clerk shall serve by certified mail a copy of this Order and the Petition, and all attachments thereto (i.e., Doc. #1), on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this Order on Petitioner.

3.  Respondent shall file with the Court and serve on Petitioner, within sixty (60) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty (30) days of his receipt of the Answer.

4.  In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within thirty (30) days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within fifteen (15) days of receipt of any Opposition.

3

5. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner also must keep the Court and all parties informed of any change of address.

IT IS SO ORDERED.

DATED     *05/13/2013*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.13\Batiste 13-1098 OSC.wpd

4